IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| YASHEAM WASHINGTON | : | NO. 19-291 |

MEMORANDUM

Bartle, J.                                                September 10th, 2025

Before the court is the *pro se* motion of defendant Yasheam Washington to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

Defendant was the subject of a superseding indictment handed down by a grand jury on August 13, 2019. The superseding indictment charged defendant with one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of cocaine base, in violation of 21 U.S.C. § 844(a). Before trial, the Government opted to proceed only on the firearm charge. Defendant's first trial ended in a hung jury. He was convicted at his second trial on November 22, 2019.

On September 1, 2021, after a significant delay caused by defendant,[1] the court finally proceeded with defendant's first

---

1. The Government accurately recounts in its opposing brief the unpleasant history of defendant's obstreperous conduct at his two trials and initial sentencing. Nonetheless, the court sees

1

sentencing. The court determined that the base offense level for defendant's firearm offense was 24 under § 2K2.1(a)(2) of the United States Sentencing Guidelines. This determination was based in part on defendant's two prior convictions for a "crime of violence,"--namely aggravated assault and second-degree robbery. Accordingly, the court found that the Guidelines recommended a sentence range of 140 to 175 months. The court sentenced the defendant to the statutory maximum 120 months' imprisonment, a three-year term of supervised release, and a $100 special assessment.

Defendant exercised his right to appeal his conviction and sentence. Among other issues, he argued that his second-degree robbery conviction no longer qualified as a "crime of violence" under Borden v. United States, 593 U.S. 420 (2021). Our Court of Appeals affirmed his conviction but remanded for re-sentencing. United States v. Washington, No. 21-2740, 2023 WL 128928, at *6 (3d Cir. Jan. 9, 2023).

On re-sentencing, this court determined that the guideline range was 57-to-71 months' imprisonment. However, the government asked the court to impose an upward variance to reach the same, 120-month sentence, citing defendant's violent record, his courtroom behavior, and his delay tactics throughout

---

no need to repeat that history here as it is not relevant for present purposes.

sentencing. Counsel for defendant, in turn, requested a sentence below the guideline range. He cited defendant's difficult childhood and explained that defendant had become far less aggressive after taking medication.

The court at sentencing reviewed each of the relevant § 3553(a) factors. It also commended defendant for his improved behavior since his first sentencing and acknowledged defendant's difficult upbringing. The court sentenced defendant to ninety-six months' imprisonment and three years of supervised released.

Defendant again exercised his right to appeal. Our Court of Appeals held that this court's sentence was "procedurally and substantively reasonable" and affirmed. United States v. Washington, No. 23-1603, 2024 WL 2891329, at *3 (3d Cir. Jun. 10, 2024).

Defendant first challenges his sentence on the ground that the twenty-five-month upward variance was substantively unreasonable. He claims that the court did not consider or weigh several factors under 18 U.S.C. § 3553(a) and did not explain how defendant's case differed from the typical § 922(g)(1) case.

Defendant already litigated this issue on his appeal. Although he claims that he challenged only his "sentence not the upward variance," defendant in his *pro se* appellate brief argued that his sentence "was not suppose [sic] to go out of 57 to 71

3

months [the guideline range].  The Court of Appeals after receiving his brief determined as noted above that "[t]he Court's sentence is both procedurally and substantively reasonable."  See United States v. Washington, No. 23-1603, 2024 WL 2891329, *3 (3d Cir. Jun 10, 2024).  Defendant may not relitigate the issue in this § 2255 proceeding.

Next, Defendant argues that § 922(g)(1) is facially unconstitutional under the Second Amendment of the United States Constitution and cites the Supreme Court's decision in New York State Rifle & Pistol Ass'n Inc. v. Bruen, 597 U.S. 1 (2022).  Our Court of Appeals thereafter held that § 922(g)(1) is constitutional as applied to a person on parole.  See United States v. Quailes, 126 F.4th 215, 222 (3d Cir. 2025).  Defendant was on parole in three cases at the time of his charged possession of a firearm.  The Second Amendment does not invalidate § 922(g)(1), either facially or as applied to him.

Defendant also argues that his rights under the Fifth Amendment were violated because he was not given his Miranda warnings.  Before trial, counsel for defendant moved to suppress defendant's statements to police because he was not advised of his right to remain silent.  The court after a hearing granted defendant's motion, and the evidence was suppressed.  No further relief is warranted.

4

Finally, defendant argues that his conviction must be vacated because the Supreme Court's decision in Rehaif v. United States, 588 U.S. 225 (2019) requires the government to prove that the defendant knew he had been convicted of a felony. While Rehaif had not been decided before he was initially indicted, the grand jury, after it was handed down, returned a superseding indictment alleging that the defendant, "knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm." The court instructed the jury that the offense required as an element that the defendant "knew of his previous conviction and that it was punishable by imprisonment for a term exceeding one year." He was found guilty. His argument is not only without merit but procedurally defaulted. See Hodge v. United States, 554 F.3d 372, 379 (3d Cir. 2009)(citing Bousley v. United States, 523 U.s. 614, 621 (1998)). That defendant, as he states in his motion, "did not find out about [the] ground until after appeal" does not absolve him of his responsibility to have raised that issue in his direct appeal.

Accordingly, the court will deny his motion under 28 U.S.C. § 2255. No evidentiary hearing will be held and no certificate of appealability will issue.